**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP WOLFSTEIN, an individual, | No. 16-55663 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-07150-PA-AFM |
| v. | |
| MORGAN, LEWIS AND BOCKIUS LLP; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Philip Wolfstein appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising out of appellees' pro bono representation of him. We have jurisdiction under 28 U.S.C. § 1291. We review

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

de novo. *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (denial of motion to remand). We affirm.

The district court properly dismissed Wolfstein's action because Wolfstein failed to allege facts sufficient to state any plausible claims. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *see also Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1144-45 (9th Cir. 2006) (setting forth elements of a § 1981 discrimination claim); *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986) (a claim under 42 U.S.C. § 1983 requires action under the color of state law).

The district court properly denied Wolfstein's motion to remand his action to state court because the district court had subject matter jurisdiction under 28 U.S.C. § 1331, and the action was properly removed under 28 U.S.C. § 1441. *See Ethridge*, 861 F.2d at 1394 ("When a plaintiff's complaint relies on federal law as the source of recovery, it is obvious that the case 'arises under' federal law and therefore may be removed to federal court.").

The district court did not abuse its discretion in denying Wolfstein's motion

to disqualify counsel because the record supports the denial. *See Cohn v. Rosenfeld*, 733 F.2d 625, 631 (9th Cir. 1984) (setting forth standard of review and explaining that this court "will not disturb a district court's ruling on a motion to disqualify counsel if the record reveals any sound basis for the court's action" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Wolfstein's motion to recuse the district court judge because Wolfstein failed to establish a basis for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2015) (setting forth standard of review and grounds for recusal).

We do not consider issues not supported by argument in Wolfstein's opening brief. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).

We reject as without merit Wolfstein's contention that this court should disqualify itself from this appeal and that the district court issued a "secret order" closing the filing window in his case.

Wolfstein's request to strike the Appellees' answering brief, set forth in his reply brief, is denied.

**AFFIRMED.**